IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TANDY L. AMBURGEY                                                                                      PLAINTIFF

vs.                                        Civil No. 4:15-cv-04053

CAROLYN COLVIN                                                                                         DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Request for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 21.[1]  Defendant has responded to this Motion and objects to the number of hours claimed by counsel.  ECF No. 22.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, referred this Motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court enters the following report and recommendation.

**1. Background:**

Tandy Amburgey ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On September 21, 2016, Plaintiff's case was remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 20.

On September 25, 2016, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  ECF No 21.  With this Motion, Plaintiff requests an award of attorney's fees and costs of $8,212.00.  *Id.*  This amount represents 42.00 attorney hours at an hourly rate of $186.00

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

for work performed and $400.00 in costs for the filing fee. *Id.* Defendant responded to this Motion on September 26, 2016. Defendant objects to the number of hours claimed by counsel. ECF No. 22. Plaintiff filed a reply on September 26, 2016. ECF No. 23. In his Motion for Attorney Fees, Plaintiff stated he had reduced his requested hours from 47.50 to 42.00 hours, however he did not indicate what entries and hours were reduced. Therefore, this court ordered Plaintiff shall to file an Amended Motion for Attorney Fees which sets out which entries are being reduced to arrive at the 5.50 hour reduction. ECF No. 24. In a response, Plaintiff stated he could not comply with this Court's order because the 5.5 hour reduction counsel voluntarily imposed on himself prior to the EAJA litigation was not tied to any specific time entries. ECF No. 25.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S.

789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 20. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA ECF No. 22. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that

Plaintiff is the prevailing party.

Plaintiff requests a total award of $7,812.00 under the EAJA. ECF No. 21. Plaintiff requests these attorney fees at a rate of $186.00 per hour for work performed. *Id.* Defendant does not object to this hourly rate. An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. Based upon the CPI-South Index, the hourly rate of $186.00 is authorized Accordingly, the Court awards this hourly rate.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 21-1. Defendant has objected to 4.30 hours be reduced based on block billing, 8.30 hours as work that was excessive, .80 hour as purely clerical in nature and not recoverable, and 2.20 hours as work done at the administrative level and not recoverable. ECF No. 22.

Initially, the Court would note Plaintiff's EAJA application for fees is one of the larger amounts requested before this Court. Indeed, Defendant has cited the recent average award in this District to be $4,311.84 with an average number of hours being 22.29. ECF No. 22. However, as discussed by the Plaintiff, this particular matter did involve two prior remands, a lengthy administrative transcript, and objections filed by the Defendant to the Report and Recommendation. As a result, while this Court finds Plaintiff's EAJA request to be above the average previously awarded in this District, justification exists for allowing such an award.

Defendant initially objects to a total of 14.30 hours of billing in December 2016 based on the entries being submitted in blocked time. ECF No. 22. Defendant requests the amount be reduced to

10.00 hours.  *Id.*  Although this Court would prefer blocked billing not be used, this does not amount to "billing obfuscation" as suggested by Defendant.  As such, this Court does not recommend Plaintiff's hours be reduced for these billing entries.

Defendant also objects to 11.30 hours of requested time to be excessive and should be reduced to 3.00 hours.  The entries objected too are as follows:

| Date | Description | Hours |
|---|---|---|
| 10/16/15 | Read SSA answer, tickle to follow up on trans, inform cl | 0.4 |
| 11/26/16 | Read scheduling order, check trans for completeness, Review admin file, prelim review, inform cl of status, tickle for briefing | 1.2 |
| 1/5/16 | Confer w/ SSA and cl re: SSA's need for ext, read ext motion, notes to file and tickle for follow up | 0.5 |
| 2/9/16 | Read SSA brief, cite check every single factual and legal citation, make list of errors, legal research, draft reply brief outline, confer w/ eye doctor | 3.8 |
| 2/14/16 | Draft, edit, revise, shorten reply brief, notes to file on circuit appeal if lost, inform cl of strategy, tickle | 3.5 |
| 5/9/16 | Read R&R re: remand, take extensive notes, inform cl and referring rep of status, notes to file, tickle | 1.1 |
| 9/23/16 | Read final order of remand, inform cl and referring rep, take extensive notes on remand, tickle for EAJA | 0.8 |

Based on the review of counsel's itemization, this Court does finds Plaintiff's request for .40 hours for review of Answer as excessive and it should be reduced to .20, 1.20 hours for review of transcript and file not excessive, .50 hours for conference regarding an extension as excessive and should be reduced to .20, 7.30 hours for preparation Reply Brief as excessive and should be reduced to 4.00,  and 1.90 hours for review of Report and Recommendation and final Order as excessive and should be reduced to .90.  Therefore this Court recommends  these entries be reduced by 4.80 hours to a total of

6.50 hours.

Furthermore, Defendant also objects to .80 hours of requested time as purely clerical in nature and therefore not recoverable. This Court would agree and recommends .80 hours be reduced as time clerical in nature. Finally, Defendant objects to 2.20 hours as work done at the administrative level and as such not recoverable. This Court would agree and recommends 2.20 hours be reduced as work done at the administrative level.

Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $7,784.20 representing 39.70 attorney hours at an hourly rate of $186.00 for work performed and $400.00 in costs for the filing fee.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

### 4. Conclusion:

Based upon the foregoing, the Court recommends Plaintiff be awarded **$7,784.20** in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

    **ENTERED** this **30th day of January 2017.**

                                                       /s/   Barry A. Bryant  
                                                   HON. BARRY A. BRYANT  
                                                   U.S. MAGISTRATE JUDGE